UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

Case No.  **2:22-cv-08930-MCS-KS**                     Date  **February 10, 2023**

Title  *Leon-Calderon v. Old Dominion Freight Line, Inc.*

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

None Present                                                   None Present

**Proceedings:**     (IN CHAMBERS) ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS (ECF NOS. 17–18)

Plaintiff Phillip Leon-Calderon moves to remand this case to the Los Angeles County Superior Court. (MTR, ECF No. 18.) Defendant Old Dominion Freight Line, Inc. filed a brief opposing the motion, (MTR Opp'n, ECF No. 19), and Plaintiff filed a reply, (MTR Reply, ECF No. 22). On the Court's invitation, (Order Inviting Surreply, ECF No. 24), Defendant filed a surreply, (MTR Surreply, ECF No. 26).

Defendant moves to dismiss in part Plaintiff's Complaint. (MTD, ECF No. 17.) Plaintiff filed a brief opposing the motion, (MTD Opp'n, ECF No. 20), and Defendant filed a reply, (MTD Reply, ECF No. 21).

The Court deems both motions appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I. BACKGROUND

Plaintiff was employed as a line haul driver for Defendant from 2013 to 2020. (Compl. ¶ 8, ECF No. 1-2.) Plaintiff sustained a lower back injury while working in September 2020; he was placed on medical leave for one week and returned to work

at full duty. (*Id.* ¶¶ 10–11.) On November 3, 2020, Plaintiff was involved in a vehicle collision, which revived his lower back injury and additionally injured his right knee. (*Id.* ¶¶ 12–15.) Two days later, Plaintiff asked a supervisor and human resources representative to be sent to a doctor for a medical evaluation of his physical and psychological injuries from the collision. (*Id.* ¶ 16.) The supervisor told him to call the number listed on the back of his medical card, and the human resources representative told him they would call him back. (*Id.* ¶ 17.) A few days later, the supervisor and human resources representative informed Plaintiff that his employment was terminated because Defendant's corporate office concluded the accident was his fault. (*Id.* ¶ 18.)

Plaintiff asserts six claims: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), (2) failure to provide reasonable accommodation in violation of FEHA, (3) failure to engage in the good faith interactive process in violation of FEHA, (4) retaliation in violation of FEHA, (5) retaliation in violation of the California Labor Code section 1102.5, and (6) wrongful termination in violation of public policy. (*Id.* ¶¶ 21–70.) Plaintiff initiated this case in Los Angeles County Superior Court, and Defendant removed it to this Court, asserting diversity jurisdiction. (Notice of Removal ¶¶ 1, 8, ECF No. 1.)

## II. MOTION TO REMAND

### A. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

### B. Discussion

Plaintiff contests the Court's subject-matter jurisdiction over this case, arguing that Defendant fails to meet its burden to demonstrate the amount in controversy exceeds the jurisdictional threshold of $75,000. (*See generally* MTR 4–11.)

To invoke diversity jurisdiction, a party must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant must establish by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal quotation marks omitted). In this inquiry, courts may consider "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks omitted).

The amount in controversy is not clear from the face of the Complaint. Plaintiff does not plead any specific amount in controversy, but the civil case cover sheet submitted to the state court with the Complaint indicates the amount demanded exceeds $25,000. (Civil Case Cover Sheet, ECF No. 1-3.)

Having reviewed the evidence submitted in connection with the motion, the Court determines that Defendant has met its burden to show that the amount in controversy more likely than not exceeds $75,000. In unlawful termination cases, "courts commonly look to the value of the wages plaintiffs may have earned after they were terminated" in evaluating the amount of backpay placed in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIV. S-13-0926 LKK/KJN, 2013 U.S. Dist. LEXIS 130082, at *7–8 (E.D. Cal. Sept. 10, 2013); *see also, e.g.*, *Walters v. Dollar Tree Distrib., Inc.*, No. 2:21-cv-02299-JAM-JDP, 2022 U.S. Dist. LEXIS 83410, at *6 (E.D. Cal. May 6, 2022) ("Defendant is justified in including lost wages in its amount-in-controversy calculations, because it is an available remedy for FEHA violations."). The Complaint seeks damages for lost wages and future lost wages. (Compl., Prayer for Relief ¶ 1.) Defendant offers evidence that Plaintiff's average weekly income at the time of his termination was approximately $1,977.58. (MTR 1; *see* Williams Decl. ¶ 2, ECF No. 19-1 (averring Plaintiff earned $90,968.79 in

wages during the 46 weeks he worked for Defendant in 2020).)[1] Accordingly, at the time of removal, the Complaint placed at least $213,578.64, or 108 weeks of wages, in controversy.[2]

Plaintiff submits that this figure is wrong for two reasons. First, a doctor placed Plaintiff on medical leave from some unspecified date after November 2, 2020 until February 22, 2022. (Leon-Calderon Decl. ¶¶ 5, 10, ECF No. 22-1.) Plaintiff argues that he will not be able to recover lost wages for the time he was medically deemed unable to work. (MTR Reply 4–5.) *See, e.g.*, *Davis v. L.A. Unified Sch. Dist. Personnel Comm'n*, 152 Cal. App. 4th 1122, 1134 (2007) ("[A]n employer is not liable for backpay during periods that an improperly discharged employee is unavailable for work due to a disability." (quoting *Canova v. NLRB*, 708 F.2d 1498, 1505 (9th Cir. 1983))). However, the declaration submitted in connection with the motion conflicts with Plaintiff's assertion in the Complaint that "he could have fully performed all duties and functions of his job in an adequate, satisfactory and/or outstanding manner, particularly if he was provided with reasonable accommodations." (Compl. ¶ 35.) Plaintiff cannot by declaration reduce the amount placed in controversy by his pleading. Accordingly, the Court does not consider any newly claimed period of disability in its analysis of the amount in controversy. *Cf. Cotoc v. Dolex Dollar Express, Inc.*, No. LA CV20-06066 JAK (MAAx), 2021 U.S.

---

[1] Plaintiff complains that the declaration is insufficient, but he offers no formal evidentiary objection. (*See* MTR Reply 3–4; *see also* MTR 5 (taking umbrage with declaration submitted with the notice of removal).) The declarant offers facts to support her personal knowledge of Plaintiff's 2020 wages. (Williams Decl. ¶ 1.) *See* Fed. R. Evid. 602. Plaintiff's wages at termination are nonspeculative evidence of lost wages in controversy. *See, e.g.*, *Walters*, 2022 U.S. Dist. LEXIS 83410, at *4 (using wages at termination to estimate lost wages); *Mendoza v. QVC Inc.*, No. 5:20-CV-01595-ODW (KKx), 2021 U.S. Dist. LEXIS 30518, at *7–8 (C.D. Cal. Feb. 18, 2021) (same).

[2] To resolve the motion, the Court need not also calculate the quantum of lost wages that accrued after removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)."); *Mendoza*, 2021 U.S. Dist. LEXIS 30518, at *6–7 ("[W]here a plaintiff puts future wages in controversy, courts calculate lost wages through the date of trial. Where a trial date is not yet set, courts have found one year from the date of removal to be a conservative trial date estimate in employment cases." (citations omitted)).

Dist. LEXIS 161240, at *13–15 (C.D. Cal. Aug. 25, 2021) (declining to credit plaintiff's claim of total disability upon motion to remand, which contradicted pleaded allegation that plaintiff was willing and able to work).[3]

Second, Plaintiff obtained new employment in March 2022 and earns approximately $1,800.00 per week in his position. (Leon-Calderon Decl. ¶¶ 11–12.) The parties dispute whether Plaintiff's new employment impacts the amount in controversy for lost wages. (MTR Reply 4; MTR Surreply 2–3.) Courts disagree on this issue. *Compare, e.g.*, *Maldonado v. Worldwide Flight Servs., Inc.*, No. 16-07176-RSWL-SSx, 2016 U.S. Dist. LEXIS 178867, at *7 (C.D. Cal. Dec. 21, 2016) ("Any mitigation should be considered in determining the amount in controversy."), *and Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004) (acknowledging a plaintiff's "entitlement to lost wages may be reduced by his alternative employment"), *with Walters*, 2022 U.S. Dist. LEXIS 83410, at *6 ("It is inappropriate for the Court to consider mitigation when assessing the amount in controversy . . . ."), *and Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678 PSG (GJSx), 2019 U.S. Dist. LEXIS 129001, at *10–11 (C.D. Cal. July 31, 2019) ("[M]itigation of damages is an affirmative defense, and a 'potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.'" (quoting *Perez v. Alta-Dena Certified Dairy, LLC*, 647 F. App'x 682, 684 (9th Cir. 2016))). The Court acknowledges tension between the principle that the plaintiff generally bears the burden to prove harm in an employment case, *see Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014), and the principle that mitigation of damages is an affirmative defense to wrongful termination claims on which the employer bears the burden of proof, *see Martinez v. Rite Aid Corp.*, 63 Cal. App. 5th 958, 973 (2021). Nevertheless, the Ninth Circuit has opined that potential defenses that might restrict recovery below the jurisdictional threshold do not preclude federal jurisdiction, *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d

---

[3] Even if the Court could consider the declaration to this end, the motion still would be denied given the paucity of information the declaration provides about the period of medical leave. To wit, the declaration does not state when the period began. The evidence submitted in connection with the motion supports a finding that Plaintiff was on medical leave only from May 7, 2021, (Archibald Decl. Ex. A, at 13, ECF No. 19-3 (testimony from May 7, 2021 deposition stating plaintiff was "on . . . disability right now")), to February 22, 2022, (Leon-Calderon Decl. ¶ 10). Beyond that period, the evidence is uncertain. Discounting lost wages by the approximately 42 weeks Plaintiff was on medical leave would reduce the backpay placed in controversy to $130,520.28, still well above the jurisdictional threshold.

1102, 1108 (9th Cir. 2010); that "the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover," *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis added); and that the amount in controversy is "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability," *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Following this guidance, the Court finds more persuasive the line of authority declining to consider mitigation in evaluating the amount in controversy for lost wages. Consequently, the Court rejects Plaintiff's argument.

Because Defendant shows by the preponderance of the evidence that the Complaint places over $75,000 in lost wages at issue, the Court need not examine in depth Defendant's persuasive arguments supporting its estimate of the various other remedies sought in the Complaint. (*See generally* MTR 6–11; MTR Surreply 6–10.) The Court has subject-matter jurisdiction. The motion to remand is denied.

## III. MOTION TO DISMISS

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B.     Discussion**

Defendant moves to dismiss the second, third, and fifth claims in Plaintiff's Complaint. It also seeks the dismissal of Plaintiff's request for punitive damages. (*See generally* MTD 4–8.)

> 1. Failure to Provide Reasonable Accommodation (Second Cause of Action) and Failure to Engage in the Good Faith Interactive Process (Third Cause of Action)

Defendant argues the second claim should be dismissed because Plaintiff pleads no facts to show he requested or was denied a reasonable accommodation. (MTD 4–5.) Defendant rests its challenge to the third claim on similar grounds. (*Id.* at 5–6.) The Court examines these claims together. *See Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 242 (2016) ("While a claim of failure to accommodate is independent of a cause of action for failure to engage in an interactive dialogue, each necessarily implicates the other.").

Failure to provide a reasonable accommodation to a disabled employee constitutes a FEHA violation. Cal. Gov't Code § 12940(m). "A reasonable accommodation is any modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." *Kaur v. Foster Poultry Farms LLC*, 83 Cal. App. 5th 320, 345 (2022) (internal quotation marks omitted). "The elements of a failure to accommodate claim are: '(1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability.'" *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015) (quoting *Scotch v. Art Inst. of Cal.-Orange Cnty., Inc.*, 173 Cal. App. 4th 986, 1009–10 (2009)).

FEHA also makes it unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee . . . with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n). The elements of a claim for failure to engage in the interactive process are: (1) the plaintiff has a disability or medical condition known to the employer, (2) the plaintiff requested that the employer make a reasonable accommodation so that the plaintiff would be able to perform essential job requirements, (3) the employer failed to participate in a timely,

good faith interactive process with the plaintiff, and (4) the employer's failure to engage in the interactive process was a substantial factor in causing the plaintiff harm. *Lugo v. Performance Transp., LLC*, No. CV 20-519-DMG (KSx), 2020 U.S. Dist. LEXIS 228462, at *9–10 (C.D. Cal. Oct. 5, 2020) (construing *Gelfo v. Lockheed Martin Corp.*, 140 Cal. App. 4th 34, 61 (2006)); *accord* CACI No. 2546. As relevant here, a plaintiff must allege that he or she "tender[ed] a specific request for a necessary accommodation." *King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007) (internal quotation marks omitted).

Defendant asks the Court to determine as a matter of law that Plaintiff's request to see a medical provider after the vehicle collision was not a request for a reasonable accommodation. (MTD 4–6.) The Complaint states that Plaintiff asked a supervisor and human resources representative to "be sent to the doctor for his physical as well as psychological injuries." (Compl. ¶ 16.) This allegation gives rise to a reasonable inference that Plaintiff sought from Defendant an opportunity to seek treatment for injuries sustained after the vehicle collision. California law treats "time away from the job for treatment and recovery" as a type of accommodation. 2 Cal. Code Regs. § 11068(c). Although Defendant views this allegation less charitably, (MTD Reply 7), the Court must construe the pleaded facts in the light most favorable to Plaintiff, *Park*, 851 F.3d at 918.

That said, allegations about Defendant's purported failure to engage in the interactive process and failure to reasonably accommodate Plaintiff are too sparsely and conclusorily pleaded to sustain the claim. By Plaintiff's own admission, Defendant's supervisory employee acceded to Plaintiff's request for leave to see a doctor by inviting him to call a number on his medical card. (Compl. ¶ 17.) This fact suggests the sole accommodation requested was provided. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) ("[W]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." (internal quotation marks omitted)). Plaintiff submits that the termination of his employment shortly after this request served to cut off the interactive process and deny any reasonable accommodation. (MTD Opp'n 5–7, 11; *see* Compl. ¶ 18.) The Court declines Plaintiff's invitation to infer that the termination itself served this purpose without additional pleaded, nonconclusory facts, such as allegations that Plaintiff was not provided an opportunity to see a doctor before the termination, that the human resources representative never followed through with her promise to call Plaintiff back, or that no steps to further the interactive process occurred after the

initial discussion with the supervisor and representative. *See Johnson v. Alameda-Contra Costa Transit Dist.*, No. C-04-4879 MMC, 2006 U.S. Dist. LEXIS 67888, at *38 (N.D. Cal. Sept. 8, 2006) ("A failure to engage in an interactive process to determine whether to accommodate a medical condition . . . is distinct from a claim that a later termination occurred because of discriminatory animus based on that medical condition."); *cf. Childs v. Maxim Healthcare Servs.*, No. SACV 15-333-JLS (JCGx), 2016 U.S. Dist. LEXIS 204784, at *19–20 (C.D. Cal. Apr. 16, 2016) (finding genuine dispute of material fact precluded summary judgment where plaintiff asserted that her employer's administrative officer "granted the request [for accommodation] only to terminate her employment days later"). The Court dismisses the claims on this basis.

For the first time in the reply, Defendant argues that Plaintiff does not plead enough facts to demonstrate he put Defendant on notice of his disability or medical condition. (MTD Reply 2–3, 6.) A reply brief is no place to raise new grounds for dismissal. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). In any event, again construing the facts in the light most favorable to Plaintiff, Plaintiff apprised Defendant's agents that he intended to seek medical treatment for physical and psychological injuries he sustained after the collision. (Compl. ¶ 16.) This at least gives rise to an inference that Defendant regarded Plaintiff as having a disability, even if the specific diagnoses or contours of Plaintiff's limitations were not known to Plaintiff or Defendant at the time. *See Gelfo*, 140 Cal. App. 4th at 55 ("[E]mployers must reasonably accommodate individuals falling within any of FEHA's statutorily defined 'disabilities,' including those 'regarded as' disabled, and must engage in an informal, interactive process to determine any effective accommodations.").

### 2. Retaliation in Violation of California Labor Code Section 1102.5 (Fifth Cause of Action)

Defendant moves to dismiss the claim for violation of Labor Code section 1102.5 on the basis that Plaintiff has not alleged that he engaged in a protected activity. (MTD 6–7.) Instead of responding to Defendant's argument for dismissal, Plaintiff signals his intent to dismiss the claim and plead a new claim under Labor Code section 6310(a)(4). (MTD Opp'n 13–14.) To the extent Plaintiff seeks leave to amend to state a claim under section 6310(a)(4), his request is denied without prejudice to renewal upon noticed motion. An opposition brief is not an appropriate vehicle for an affirmative request for relief. *See* C.D. Cal. R. 6-1 ("[E]very motion

shall be presented by written notice of motion."); *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020) (collecting cases for the proposition that "a request for affirmative relief is not proper when raised for the first time in an opposition").

The Court deems Plaintiff's failure to respond to Defendant's argument for dismissal as his concession that the claim is inadequately pleaded. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived."). The claim is dismissed.

### 3. Prayer for Punitive Damages

Defendant seeks the dismissal of Plaintiff's "claim for punitive damages" because the Complaint "contains no facts alleging oppression, fraud, or malice." (MTD 8 (invoking Cal. Civ. Code § 3294(a)).) Plaintiff does not plead an independent claim for punitive damages; instead, he seeks punitive damages as a remedy for his claims. (*See* Compl. ¶¶ 30, 38, 47, 56, 63, 70.) Rule 12(b)(6) is not an appropriate vehicle to attain dismissal of a remedy sought in a pleading. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 130 (1983) (Marshall, J., dissenting) ("The question whether a plaintiff has stated a claim turns not on whether he has asked for the proper remedy but whether he is entitled to *any* remedy." (alterations incorporated) (internal quotation marks omitted)); *Saroya v. Univ. of Pac.*, 503 F. Supp. 3d 986, 1000 (N.D. Cal. 2020) ("[A] complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law.").

This is particularly true with respect to challenges predicated on California Civil Code section 3294(a), which states the evidentiary standard for recovery of punitive damages upon a showing of "oppression, fraud, or malice." As one court in this district persuasively reasoned:

> As a matter of textual interpretation, it is clear that section 3294(a) is not a pleading requirement, but an evidentiary standard that Plaintiff must meet to recover punitive damages. That result, of course, assumes the relevant cause(s) of action survive to trial. . . . Dismissal of a punitive damages request at this [Rule 12] stage is illogical because it places the cart before the horse.

*Mitchell Rubber Prods., LLC v. Verlan Fire Ins. Co.*, No. EDCV 21-1845 JGB (KKx), 2022 U.S. Dist. LEXIS 213960, at *5–6 (C.D. Cal. Aug. 12, 2022).

The Court recognizes a split in authority on this issue. *See, e.g.*, *Rivin v. Patrick K. Willis Co., Inc.*, No. 2:20-cv-07431-RGK-KS, 2020 U.S. Dist. LEXIS 249263, at *5–7 (C.D. Cal. Dec. 4, 2020) (applying *Twombly* and *Iqbal* to request for punitive damages). But Defendant offers no reason for the Court to depart from its established position in the split. *E.g.*, *Netlist Inc. v. Samsung Elecs. Co. Ltd.*, No. 8:20-cv-00993-MCS-ADS, 2021 U.S. Dist. LEXIS 245394, at *9 (C.D. Cal. Aug. 5, 2021) (Scarsi, J.). This component of the motion is denied.[4]

    4.    <u>Leave to Amend</u>

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The defects in Plaintiff's second and third claims appear to be readily curable. Given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted), the Court gives Plaintiff leave to amend.

Given his apparent abandonment of the claim, the Court does not give Plaintiff leave to amend his Labor Code section 1102.5 claim. *See United States ex rel. Silingo v. Wellpoint, Inc.*, 904 F.3d 667, 681 (9th Cir. 2018) (affirming dismissal of abandoned claim without leave to amend). The Court also does not give Plaintiff leave to plead a new Labor Code section 6310(a)(4) claim out of the ashes of the claim. Notwithstanding, the Court expects the parties to meet and confer thoroughly about the proposed amendment given the liberal Rule 15(a) standard. Any stipulation to file or motion for leave to file an amended complaint that states a Labor Code

---

[4] Even if the Court accepted Defendant's argument, granting the motion and dismissing the prayer for punitive damages would not advance the litigation in any meaningful way. Plaintiff easily could plead upon amendment the factual predicate necessary to sustain a request for punitive damages given that malice may be pleaded generally. *See* Fed. R. Civ. P. 9(b). Given "the limited role that pleadings play in federal practice," *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1051 (C.D. Cal. 2019), repleading would be a waste of time and resources the parties more fruitfully could spend developing their substantive positions on punitive damages, *see* Fed. R. Civ. P. 1.

section 6310(a)(4) claim should be presented no later than the deadline to file an amended complaint.

## IV.   CONCLUSION

The Court denies the motion to remand. The Court grants in part and denies in part the motion to dismiss. The second, third, and fifth claims in the Complaint are dismissed.

Plaintiff may file an amended complaint within 14 days—if he can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Failure to file a timely amended complaint will waive the right to do so. Leave to add new defendants or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**